# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MARCUS TAYLOR,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>4:24-cv-00762</u> |
| | § | |
| **CAPSTONE LOGISTICS, LLC** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 et seq, Defendant Capstone Logistics, LLC ("Capstone" or "Defendant"), by and through their undersigned counsel, files this Notice of Removal  ("Notice") of the civil action filed in the 189th Judicial District Court of Harris County, Texas by Plaintiff Marcus Taylor ("Taylor" or "Plaintiff").  Removal is proper based on the following reasons:

### I. RELEVANT FACTS

1.      On February 2, 2024, Plaintiff filed his Original Petition against Defendant in Harris County District Court, 189th Judicial District bearing Cause No. 2024-07207, and captioned *Marcus Taylor v. Capstone Logistics, LLC* (the "State Court Action").

2.      Plaintiff served his Petition to Capstone's Registered Agent on February 6, 2024.

3.      Plaintiff, a former employee of Capstone, seeks alleged damages in connection with the termination of his employment. Plaintiff's Petition contains causes of action against Capstone for race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Labor Code.

4.     Defendant filed its Answer to the Original Petition on March 1, 2024.   See Defendant's Answer. The thirty-day period within which this action may be removed extends through March 7, 2024.  The removal period has not yet expired.

## II. BASIS FOR REMOVAL

5.     Defendant removes this case because this is a civil action over which this Court has original subject matter jurisdiction based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6.     This Court possesses original jurisdiction because, as explained below, this action asserts causes of action under Title VII. Under the well-pleaded complaint rule, a determination as to whether a federal question exists depends upon the allegations of the plaintiff's pleading. *Medina v. Ramsey-Steel Co., Inc*., 238 F.3d 674, 680 (5th Cir. 2001).  Here, Plaintiff claims he was subjected to race discrimination, harassment, and retaliation in violation of Title VII, a federal statute. Plaintiff's Petition, ¶¶ 22-27, 33-37. Therefore, federal question jurisdiction exists.

7.     In addition to the federal law claims asserted under Title VII, Plaintiff has asserted causes of action under the Texas Labor Code.  Plaintiff's Petition, ¶¶ 16-21, 28-32.  Plaintiff's state law claims mirror his federal law claims (race discrimination, harassment, and retaliation). Therefore, they are so related to the federal claims that "they form part of the same case or controversy" within the meaning of 28 U.S.C. §1367(a). Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claims.

8.     This action is one over which this court has original jurisdiction per 28 U.S.C. § 1331 and is properly removed by Defendant under 28 U.S.C. § 1441.

9.      Venue in the Southern District of Texas is proper under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

10.     By virtue of this Notice, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure, or to move to compel arbitraiton, if applicable.

11.     No admission of fact, law, or liability is intended by the Notice, and Defendant expressly reserves all defenses and affirmative defenses.

12.     There are no other defendants from whom consent to remove is required.

13.     This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

14.     Pursuant to Local Rule 81, this Notice is accompanied by copies of the following documents:

1.      All executed process in the case (**Exhibit A**);

2.      Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (**Exhibit B**);

3.      All orders signed by the state judge (None);

4.      The docket sheet (**Exhibit C**);

5.      Index of all documents filed in State Court (**Exhibit D**); and

6.      A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit E**).

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall provide written notice of the filing of this Notice to all adverse parties, and a copy of this Notice is also being filed with the Clerk of the State Court in which this case was originally filed.

### IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant accordingly prays that this Court deem this Notice to be good and sufficient, and that the Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted this the 1st day of March, 2024.

Respectfully submitted,

/s/ Stephen J. Roppolo
**STEPHEN J. ROPPOLO**
Texas Bar No. 00797939
**LARIZA HEBERT**
Texas Bar No. 24098287
**FISHER & PHILLIPS LLP**
910 Louisiana St., Suite 4000
Houston, Texas 77002
Phone: (713) 292-5601
sroppolo@fisherphillips.com
lhebert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT,
CAPSTONE LOGISTIC, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of March 2024, the foregoing *Defendant's Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system, and was served on counsel for Plaintiff via email and certified mail/return receipt requested, addressed as follows:

> Melissa Moore
> Curt Hesse
> Moore & Associates
> 440 Louisiana St., Suite 1110
> Houston, Texas 77002
> melissa@mooreandassociates.net
> curt@mooreandassociates.net

*/s/ Stephen J. Roppolo*
**STEPHEN J. ROPPOLO**